| | | | |
|---|---|---|---|
| STATE OF INDIANA | ) | IN THE ST. JOSEPH _____ COURT | |
| | ) SS: | | |
| COUNTY OF ST. JOSEPH | ) | CAUSE NO. 71C01-2303-CT-000139 | |

STATE OF INDIANA ) IN THE ST. JOSEPH _____ COURT
) SS:
COUNTY OF ST. JOSEPH ) CAUSE NO. 71C01-2303-CT-000139

BRETT MCVOY,       )
                   )
         Plaintiff,)
                   )
     vs.           )
                   )
IDEX CORPORATION, HURST JAWS )
OF LIFE, INC., and MACQUEEN  )
EQUIPMENT, LLC dba MACQUEEN  )
EMERGENCY GROUP,             )
                   )
         Defendants.)

## COMPLAINT FOR DAMAGES

The plaintiff, Brett McVoy ("Mr. McVoy"), by counsel, for his Complaint against the defendants, IDEX Corporation ("IDEX"), HURST Jaws of Life, Inc. ("HURST"), and MacQueen Equipment, LLC dba MacQueen Emergency Group ("MacQueen" and, collectively with IDEX and HURST, the "Defendants"), states as follows:

1.  This is a product liability action for damages due to personal injuries suffered by Mr. McVoy when the blade on a HURST Jaws of Life tool manufactured by IDEX and Hurst and serviced by MacQueen failed during a fire department training exercise.

2.  Mr. McVoy is a resident of the state of Indiana who resides at 28629 State Road 23, North Liberty, Indiana 46554.

3.  IDEX is a corporation organized under the laws of the state of Delaware with a principal place of business located at 3100 Sanders Road, #301, Northbrook, Illinois 60062. IDEX is involved with the development, design, and manufacture of fire and rescue equipment.

4.  HURST is a corporation organized under the laws of the state of Pennsylvania with a principal place of business located at 711 North Post Road, Shelby, North Carolina 28150.

HURST is involved with the development, design, and manufacture of rescue equipment, including the Jaws of Life®.

5. MacQueen is a limited liability company organized under the laws of the state of Delaware with a principal place of business 1125 7th Street East, St Paul, MN 55106. MacQueen was formerly known as 5 Alarm Fire & Safety Equipment ("5 Alarm"). MacQueen sells and distributes fire and rescue equipment, including the HURST Jaws of Life®.

6. The Court has jurisdiction over this matter pursuant to Ind. R. Trial P. 4.4 because it arises from acts or omissions causing personal injury within Indiana.

7. Venue is preferred in St. Joseph County pursuant to Ind. R. Trial P. 75 as the county where the incident occurred.

8. Mr. McVoy is a firefighter with the South Bend Fire Department ("SBFD").

9. On or about March 15, 2017, the SBFD purchased multiple hydraulic cutters from 5 Alarm, including a HURST Jaws of Life® eDRAULCIS® 700 E2 cutter manufactured by IDEX and HURST (the "cutting tool").

10. At the time of purchase, the SBFD also entered into a multi-year Hurst Preventative Maintenance program service agreement with 5 Alarm that lasted for three years. On August 25, 2020, the agreement was extended to cover the years of 2021, 2022, and 2023.

11. On or about September 3, 2021, Mr. McVoy was engaged in vehicle extraction training exercise with the SBFD using the cutting tool at Mayflower Road Auto Recycling. He was in full personal protective equipment with safety goggles in place.

12. While Mr. McVoy was using the cutting tool on a lower door hinge of a vehicle, the tool failed and a piece of the cutting blade fractured and struck Mr. McVoy in the face with great force.

13. The cutting tool failed when it should have been expected to survive the maximum possible force applied by its hydraulic system without failing. Some or all of the following factors may have been responsible for the failure: significant casting porosity resulting in compromised blade properties, backing out of the pivot bolt, lack of proper case hardening, erosion of the aluminum body by the pivot bolt head and rotation of the pivot bolt, and deformation of the lever elements.

14. As a result of the failure of the cutting tool, Mr. McVoy suffered serious and permanent injuries, including but not limited to a concussion, post-concussion syndrome, facial lacerations, scarring, chipped and broken teeth, and gum damage.

### COUNT I: NEGLIGENCE
### IDEX AND HURST

15. Mr. McVoy incorporates the foregoing allegations of the Complaint as if fully set forth herein.

16. IDEX and HURST each owed a duty to Mr. McVoy to use reasonable care to design and produce a cutting tool that was reasonably safe for its intended, anticipated, or reasonably foreseeable use.

17. IDEX and HURST breached their duties to Mr. McVoy by, among other things, failing to design and manufacture a cutting tool to eliminate any unreasonable risk of foreseeable injury and failing to manufacture a cutting tool reasonably fit for its intended, anticipated, or reasonably foreseeable use.

18. Specifically, the tool failed when it should have been expected to survive the maximum possible force applied by its hydraulic system without failing due to, among other things, some or all of the following design and manufacturing defects: significant casting porosity resulting in compromised blade properties, backing out of the pivot bolt, lack of proper case

hardening, erosion of the aluminum body by the pivot bolt head and rotation of the pivot bolt, and deformation of the lever elements.

19. As a result of the failure of IDEX and HURST to exercise reasonable care, Mr. McVoy suffered serious and permanent injuries, including but not limited to a concussion, post-concussion syndrome, facial lacerations, scarring, chipped and broken teeth, and gum damage, the effects of which may be permanent and lasting.

20. Mr. McVoy suffered damages as a direct and proximate cause of the actions and omissions of IDEX and HURST, including but not limited to medical and other expenses, future medical and other expenses, great mental suffering, agony, and anguish as well as physical pain and suffering, loss of social and recreational pleasures, and loss of wages or earning capacity.

WHEREFORE, the plaintiff, Mr. McVoy, respectfully requests that the Court enter judgment in his favor and against the Defendants in an amount that will reasonably compensate him for his damages, for the costs of this action, and for all other just and proper relief.

### COUNT II: NEGLIGENCE
### MACQUEEN

21. Mr. McVoy incorporates the foregoing allegations of the Complaint as if fully set forth herein.

22. Pursuant to its agreement with the SBFD, MacQueen was required it to perform preventative maintenance on the cutting tool.

23. MacQueen owed a duty of care to foreseeable users of the cutting tool to perform the preventative maintenance with reasonable care.

24. MacQueen breached its duty by, among other things, failing to perform adequate preventative maintenance, failing to recognize and remedy issues with the pivot bolt that were causing it to back out and erode the aluminum body of the tool, and failing to recognize and remedy

issues with the cutting blade.

25. As a result of the Defendants' failure to exercise reasonable care, Mr. McVoy suffered serious and permanent injuries, including but not limited to a concussion, post-concussion syndrome, facial lacerations, scarring, chipped and broken teeth, and gum damage, the effects of which may be permanent and lasting.

26. Mr. McVoy suffered damages as a direct and proximate cause of the actions and omissions of the Defendants, including but not limited to medical and other expenses, future medical and other expenses, great mental suffering, agony, and anguish as well as physical pain and suffering, loss of social and recreational pleasures, and loss of wages or earning capacity.

WHEREFORE, the plaintiff, Mr. McVoy, respectfully requests that the Court enter judgment in his favor and against the Defendants in an amount that will reasonably compensate him for his damages, for the costs of this action, and for all other just and proper relief.

**COUNT III:  INDIANA PRODUCTS LIABILITY ACT (STRICT LIABILITY)
ALL DEFENDANTS**

27. Mr. McVoy incorporates the foregoing allegations of the Complaint as if fully set forth herein.

28. The Defendants sold, leased, or otherwise put the cutting tool into the stream of commerce in a defective condition that was unreasonably dangerous to users or consumers.

29. Specifically, the cutting tool failed when it should have been expected to survive the maximum possible force applied by its hydraulic system without failing due to, among other things, some or all of the following design and manufacturing defects:  significant casting porosity resulting in compromised blade properties, backing out of the pivot bolt, lack of proper case hardening, erosion of the aluminum body by the pivot bolt head and rotation of the pivot bolt, and deformation of the lever elements.

30. Mr. McVoy is in the class of persons that the seller should reasonably foresee as being subject to the harm caused by the defective condition because he was a fireman and intended end user of the cutting tool.

31. The Defendants are engaged in the business of manufacturing and selling the cutting tool.

32. The cutting tool was expected to and did reach Mr. McVoy without substantial alteration in the condition in which the cutting tool was sold by the Defendants.

33. Mr. McVoy suffered serious and permanent injuries, including but not limited to a concussion, post-concussion syndrome, facial lacerations, scarring, chipped and broken teeth, and gum damage, the effects of which may be permanent and lasting.

34. Mr. McVoy has suffered damages as a direct and proximate cause of the actions and omissions of the Defendants, including but not limited to medical and other expenses, future medical and other expenses, great mental suffering, agony, and anguish as well as physical pain and suffering, loss of social and recreational pleasures, and loss of wages or earning capacity.

WHEREFORE, the plaintiff, Mr. McVoy, respectfully requests that the Court enter judgment in his favor and against the Defendants in an amount that will reasonably compensate him for his damages, for the costs of this action, and for all other just and proper relief.

### COUNT IV: INDIANA PRODUCTS LIABILITY ACT (FAILURE TO WARN) ALL DEFENDANTS

35. Mr. McVoy incorporates the foregoing allegations of the Complaint as if fully set forth herein.

36. The Defendants owed a duty to Mr. McVoy to properly package or label the cutting tool to give reasonable warnings of danger about the cutting tool or give reasonably complete instructions on proper use of the cutting tool. Ind. Code § 34-20-4-2.

37. The Defendants breached their duty to Mr. McVoy by, among other things, failing to provide adequate warnings or instructions, including but not limited to warnings regarding the potential for fracture of the blade under normal operating conditions.

38. The Defendants, by exercising reasonable diligence, could have made such warnings or instructions available to the user or consumer.

39. As a result of the Defendants' failure to exercise reasonable care, Mr. McVoy suffered serious and permanent injuries, including but not limited to a concussion, post-concussion syndrome, facial lacerations, scarring, chipped and broken teeth, and gum damage, the effects of which may be permanent and lasting.

40. Mr. McVoy has suffered damages as a direct and proximate cause of the actions and omissions of the Defendants, including but not limited to medical and other expenses, future medical and other expenses, great mental suffering, agony, and anguish as well as physical pain and suffering, loss of social and recreational pleasures, and loss of wages or earning capacity.

WHEREFORE, the plaintiff, Mr. McVoy, respectfully requests that the Court enter judgment in his favor and against the Defendants in an amount that will reasonably compensate him for his damages, for the costs of this action, and for all other just and proper relief.

### COUNT V:  INDIANA PRODUCTS LIABILITY ACT (DESIGN DEFECT)
### ALL DEFENDANTS

41. Mr. McVoy incorporates the foregoing allegations of the Complaint as if fully set forth herein.

42. The Defendants owed a duty to Mr. McVoy to use reasonable care to design and produce a cutting tool that is reasonably safe for its intended, anticipated, or reasonably foreseeable use.

43. The Defendants breached their duties to Mr. McVoy by, among other things, failing

to design the cutting tool so as to eliminate any unreasonable risk of foreseeable injury and failing to design a cutting tool reasonably fit for its intended, anticipated, or reasonably foreseeable use.

44. The design failures include, but are not limited to, improper designs that resulted in significant casting porosity and compromised blade properties, backing out of the pivot bolt, lack of proper case hardening, erosion of the aluminum body by the pivot bolt head and rotation of the pivot bolt, and deformation of the lever elements.

45. The Defendants sold, leased, or otherwise put the cutting tool into the stream of commerce in a defective condition that was unreasonably dangerous to users or consumers due to the defects identified above.

46. The cutting tool was in a condition that was not contemplated by reasonable persons among those considered expected users or consumers of the cutting tool and that was unreasonably dangerous to the expected user or consumer when used in reasonably expectable ways of handling or consumption. Specifically, under National Fire Protection Agency standards, the cutting tool should have been expected to survive the maximum possible force applied by its hydraulic system without failing.

47. The Defendants knew or should have known about the risk of harm based on the scientific, technical, or medical information reasonably available at the time the specific unit of the cutting tool left its control.

48. Mr. McVoy suffered serious and permanent injuries, including but not limited to a concussion, post-concussion syndrome, facial lacerations, scarring, chipped and broken teeth, and gum damage, the effects of which may be permanent and lasting.

49. Mr. McVoy has suffered damages as a direct and proximate cause of the actions and omissions of the Defendants, including but not limited to medical and other expenses, future

medical and other expenses, great mental suffering, agony, and anguish as well as physical pain and suffering, loss of social and recreational pleasures, and loss of wages or earning capacity.

WHEREFORE, the plaintiff, Mr. McVoy, respectfully requests that the Court enter judgment in his favor and against the Defendants in an amount that will reasonably compensate him for his damages, for the costs of this action, and for all other just and proper relief.

## JURY DEMAND

Mr. McVoy demands a trial by jury of any and all issues so triable in the above-captioned matter.

Respectfully submitted,

PFEIFER MORGAN & STESIAK LLP

*/s/ Ryan G. Milligan*

Ryan G. Milligan (28691-71)
PFEIFER MORGAN & STESIAK LLP
53600 N. Ironwood Drive
South Bend, Indiana 46635
Telephone: (574) 272-2870
Facsimile:  (574) 271-4329
Rmilligan@pilawyers.com